UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAILEY MARIE PINKOWSKI,        )<br>    Plaintiff,        )<br>        )<br>    v.        )<br>        )<br>ANDREW SAUL, Commissioner of the        )<br>Social Security Administration,        )<br>    Defendant.        ) | CAUSE NO.: 2:19-CV-186-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Hailey Marie Pinkowski on May 15, 2019, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed October 29, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 21, 2019, the Commissioner filed a response, and on December 19, 2019, Plaintiff filed a reply.

**I.    Background**

On December 17, 2015, Plaintiff filed an application for benefits alleging that he became disabled on May 1, 2014. Plaintiff's application was denied initially and upon reconsideration. On December 19, 2017, Administrative Law Judge ("ALJ") Kathleen Fischer held a hearing by video, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On June 13, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant was not yet 22 as of May 1, 2014, the alleged onset date.

2.    The claimant has not engaged in substantial gainful activity since May 1,

2014, the alleged onset date.

3. The claimant has the following severe impairments: reflex sympathetic dystrophy of the left wrist and bilateral feet, degenerative disc disease of the spine, chronic fatigue syndrome, vertigo, and headaches.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she can lift and/or carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. The claimant can sit for six hours in an 8-hour workday. The claimant is limited to no balancing, no working at heights, and no climbing. She should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation.

6. The claimant has no past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2014, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the

3

reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the opinion of Plaintiff's treating physicians, failed to support the RFC with substantial evidence, and applied a legally insufficient analysis of Plaintiff's subjective symptoms. The Commissioner argues that the ALJ properly resolved evidentiary conflicts in the record and that her opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred analyzing the opinions of his treating sources. The ALJ discussed a note from the office of neurology where Plaintiff was treated and the opinions of two treating physicians. The neurology note stated that Plaintiff would only be able to work three days per week at five hours per day. The ALJ gave the note little weight, explaining that there were some normal results in the record and Plaintiff was able to walk to the mall a few months later. The ALJ also gave little weight to the opinions of two treating physicians Dr. Nath and Dr. Grundy, both of whom opined that Plaintiff was limited to less than two hours of sitting and less than two hours of standing/walking in an eight-hour workday.

For claims like this one filed prior to March 27, 2017, the ALJ "should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2) (replaced by 20 C.F.R. §404.1520c for claims filed after March 27, 2017); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declined to give a treating source's opinion controlling weight, she should still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

As with her analysis of the work limitation note from the neurologists' office, the ALJ listed a number of normal evaluation findings, concluding that the treating physicians' conclusions were inconsistent with the diagnostic testing. Nowhere in the ALJ's opinion does she describe the length, nature and extent of the physicians' treatment relationship with Plaintiff, their areas of specialty, the consistency of their assessments with their treatment notes or other medical evidence in the record, or any other factors. The only assessment to which the ALJ gave even "some" weight was that of a non-examining agency consultant, but the ALJ concluded that Plaintiff was more limited than that assessment reflected. She gave "little" weight to the three reports completed by treating sources, leading to concerns about the medical evidence on which she based her conclusions. For

claims filed when Plaintiff's was, ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [her]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572-73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"). In addition, an ALJ "cannot rely only on the evidence that supports her opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)). The ALJ noted a number of medical examinations showing some physical abilities, but discounted the significant records from treating specialists showing limitations. It appears that the ALJ "cherry-pick[ed] facts that support a finding of non-disability while ignoring evidence that points to a disability finding," *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (warning ALJs to avoid the temptation of playing doctor and advising ALJs to rely on expert opinions); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (explaining that ALJs must avoid making their own medical findings). This is particularly concerning because the ALJ failed to address Plaintiff's multiple diagnoses of complex regional pain syndrome, including by the treating physicians whose opinions she dismissed, or to follow the agency policies for assessing claims of disability on the basis of complex regional pain syndrome. SSR 03-2P, 2003 WL 22399117 (Oct. 20, 2003).

The ALJ also disregarded the testimony regarding Plaintiff's limitations in daily activities because "despite the disabling pain, she colors in adult coloring books, watches TV 5 hours a day off/on, and reads" as well as "uses the internet on her phone." AR 27. Not only is it not apparent how time spent in sedentary activities that do not require significant mental engagement are

inconsistent with reports of pain and physical limitations, but to the extent that the ALJ is suggesting that Plaintiff's (limited) ability to take care of personal hygiene or household chores is suggestive of the ability to work, it fails to take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Roddy*, 705 F.3d at 639 ("[A] person's ability to perform daily activities, especially if that can be done only with significant limitations, does not translate to an ability to work full-time."); *Punzio*, 630 F.3d at 712 (f"[The plaintiff]'s ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home.").

Because the Court cannot determine whether the ALJ properly weighed the opinions of Plaintiff's treating physicians, it cannot determine whether the RFC and ultimate determination of non-disability were supported by substantial evidence. On remand, the ALJ is also reminded of the requirement to consider all of Plaintiff's impairments and how the combination of Plaintiff's impairments affect her ability to work, including the interaction of her mental health difficulties, her headaches, and her fatigue with her other physical limitations. SSR 16-3p, 2017 WL 5180304, *6, *8 (Oct. 25, 2017) (requiring an ALJ to consider Plaintiff's allegations of pain and limitations and "evaluate whether [Plaintiff's] statements are consistent with objective medical evidence and the other evidence" and "explain" which symptoms were found to be "consistent or inconsistent with the evidence"); *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might

7

be disabling."); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("[W]e have frequently reminded the agency that an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation.").

The ALJ erred in her analysis of Plaintiff's treating physicians and failed to draw a logical bridge from the evidence to her conclusions, and the case is being remanded to correct these errors. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that she may build a 'logical bridge' between the evidence and his conclusion.").

**IV.  Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15] and **REMANDS** this matter for further proceedings.

SO ORDERED this 10th day of July, 2020.

                                         s/ John E. Martin_____
                                         MAGISTRATE JUDGE JOHN E. MARTIN
                                         UNITED STATES DISTRICT COURT

cc:     All counsel of record